John COLA, Jr., Plaintiff,
v.
PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant.
Civ. A. No. 60-492.

United States District Court
W. D. Pennsylvania.
Jan. 8, 1963.

123

John M. Feeney, Pittsburgh, Pa., for plaintiff.

Randall J. McConnell, Jr., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act to recover damages for injuries sustained while plaintiff was employed as a brakeman for the Pennsylvania Railroad Company, a corporation, 45 U.S.C.A. § 51 et seq.

Upon jury trial, a verdict was returned in favor of the plaintiff in the amount of $16,500.00 as a net award, the jury having found the railroad 90 per cent negligent and the plaintiff 10 per cent negligent.

The matter before the Court relates to the plaintiff's Motion for New Trial. Aside from the allegation of the plaintiff that the verdict is against the weight of the evidence, the plaintiff predicates his motion on the thesis that the verdict was inadequate and that no award was made in favor of the plaintiff for an alleged second period of disability. The medical testimony was in substantial dispute as to whether the second period of disability was directly related to the accident which occurred on August 5, 1957.

Where evidence is in substantial dispute as to whether an injury or claim is proximately related to an accident, it is not the prerogative of the Court to arbitrarily substitute its judgment for that of the jury. See Tennant v. Peoria and Pekin Union Railway, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944); Thomas v. Conemaugh and Black Lick R. R., 234 F.2d 429 (3rd Cir., 1956).

In the exercise of my judicial discretion, upon examination and meticulous review of the record, viewing the verdict in the overall setting of the dispute which existed, it is incumbent upon the Court to abstain from interfering with the verdict unless it is clear that the jury has reached a seriously erroneous result. Lind v. Schenley Industries, Inc., 278 F.2d 79 (3rd Cir., 1960).

Substantial evidence exists in the record to support the verdict of the jury. The motion for new trial is refused.

An appropriate order is entered.